IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCISCO JOEL RIVERA, on behalf
of himself and all others similarly
situated,

      Plaintiffs,

v.

THE HOME DEPOT, INC.

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO. 3:17 CV**

**CLASS COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Francisco Joel Rivera, on behalf of himself and all others similarly situated, files this Class Action Complaint against The Home Depot, Inc. ("Home Depot" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), brought on behalf of applicants for employment with Home Depot, a home improvement supplies retail company. Plaintiff contends that Home Depot systematically violates § 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment action without, beforehand, providing the person who is the subject of the report sufficient and timely notification and a copy of the report and a summary of rights under the FCRA, leaving the

person who is the subject of the report without any meaningful opportunity to correct any errors on the report.

2.     The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as Home Depot. This action involves Home Depot's systematic violations of several of those important rules.

3.     Plaintiff was denied employment as a greeter and loader at a Home Depot store in Middletown, Connecticut, based upon a standardized background screen conducted by First Advantage Background Services Corp. ("First Advantage") pursuant to an agreement between First Advantage and Home Depot whereby First Advantage performs a standardized background screen on Home Depot's candidates for hire. First Advantage adjudicated Plaintiff as "ineligible" for hire based upon the purported existence of a criminal history.  This criminal history, however, was inaccurate as it did not belong or relate to Plaintiff.

4.     In violation of the FCRA, Home Depot willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement, and failed to provide a copy of the inaccurate background report it obtained from First Advantage, *before* the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3). Every year, individuals who have applied to Home Depot for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

5.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and classes of similarly situated employment applicants for whom Home Depot failed to comply with FCRA § 1681b(b)(3)'s pre-adverse action notification requirements.

## PARTIES

6.      Plaintiff Francisco Joel Rivera is a "consumer" as protected and governed by the FCRA, and a citizen of Connecticut residing in New Britain, Connecticut.

7.      Defendant Home Depot regularly conducts business at stores located in the District of Connecticut, is authorized to do business in Connecticut and has a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

## JURISDICTION & VENUE

8.      The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Home Depot can be found in this District and regularly sells its products and services in this District, and Plaintiff sought employment from Defendant in this District.

## FACTUAL ALLEGATIONS

10.      Upon information and belief, Home Depot uses First Advantage's background screening services to conduct credit checks, criminal background checks, and/or drug tests on applicants for employment.  The background reports resulting from these services are delivered directly to Home Depot.

11.      Despite the nature of mistakes in consumer reports and background checks, Defendant chooses, but is not required, to screen their job applicants through background reports.

12.      Under the FCRA, any "person" using a consumer report, such as Home Depot, who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action.  15 U.S.C. §

3

1681b(b)(3)(A); *see also Goode v. LexisNexis Risk & Info. Analytics* 848 F. Supp. 2d 532, 542 (E.D. Pa. 2012) ("Under the FCRA, 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. § 1681a(b).").

13.    There is longstanding regulatory guidance for employers making clear their obligations and the protections afforded to job applicants under the FCRA.  The Federal Trade Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken.  Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action.  Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete."  *See* Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq.

14.    A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer before adverse action is taken.  *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken.").

15.    Numerous courts interpreting the FCRA have found FTC opinion letters persuasive.  *See*, *e.g.*, *Owner-Operator Independent Drivers Ass'n, Inc. v. USIS Commercial*,

4

537 F.3d 1184, 1192 (10th Cir. 2008); *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 468 (5th Cir. 2006). *See also Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271-72 n.5 (3d Cir. 2013) (affording some deference to Federal Communication Commission analysis and finding it persuasive in interpreting the Telephone Consumer Protection Act).

16. Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.*, 2006 U.S. Dist. LEXIS 101162, at \*18 (E.D. Va. Nov. 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. Jan. 11, 2008) (quoting *Williams*). In *Reardon v. Closetmaid Corp.*, 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. April 27, 2011), the court certified a class action for prospective employees who did not receive a copy of their consumer report at least five days before being notified that the employer might take adverse action.

17. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant that he is about to experience an adverse action, such as a rejection, based on the content of a report, and to provide him an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect or job is lost.

18. Defendant typically does not provide job applicants with a copy of their consumer reports or a statement of their FCRA rights before it takes adverse action against them based on the information in such reports, despite being required to do so by section 1681b(b)(3)(A) of the FCRA.

19.     The FCRA statutory text, the FTC opinions and the cases cited constitute significant authority that existed during the time Defendant failed to comply with the pre-adverse action requirements of 15 U.S.C. § 1681b(b)(3)(A).

20.     In the case of Plaintiff, in or around March or April 2016, Mr. Rivera applied for employment with Home Depot by filling out an application on Home Depot's website.

21.     Shortly thereafter, Mr. Rivera participated in an in-person interview with manager Ivy at Home Depot store number 6233, located at 909 Washington Street, Middletown, Connecticut 06457. During this visit, Mr. Rivera was provided with a conditional offer of employment contingent on his passing of a background check. Mr. Rivera was told that he would be contacted by manager Ivy within one week regarding when he would report to Home Depot to attend orientation.

22.     On or about one week later after Mr. Rivera had not been contacted by Home Depot regarding orientation, Mr. Rivera called manager Ivy at the Home Depot store number 6233 in Middletown, Connecticut, on several occasions but was never able to get in touch with Ivy, and did not receive a call back.

23.     On or about April 29, 2016 Home Depot forwarded Mr. Rivera what it called a "pre-adverse action" letter which included a copy of an April 29, 2016 First Advantage background report that Defendant had produced about Plaintiff.

24.     The background report provided by First Advantage to Home Depot provided Hartford County, Connecticut criminal charges and felony convictions for violation of a protective order and risk of injury to a child.

25.     All of the criminal record history reported by First Advantage to Home Depot was inaccurate. Plaintiff is not the perpetrator of these crimes.

6

26.     The April 29, 2016 letter stated *inter alia*,

Based in whole or in part upon information contained in the consumer background report, we are considering taking adverse action. Depending on the circumstances, adverse action could involve not offering you the position (including withdrawal of any conditional offer of employment), termination of your employment or some other action. If you would like to dispute the accuracy of the information received, please contact the Dispute Resolution Hotline listed above.

27.     Mr. Rivera followed Home Depot's suggested method of disputing the accuracy of the information being reported on his First Advantage background report, by calling Home Depot's Dispute Resolution Hotline several times, without any successful resolution.

28.     On or about May 3, 2016, Mr. Rivera obtained proof from City of New Britain's Police Department in New Britain, Connecticut, demonstrating that Mr. Rivera had no criminal convictions.

29.     On or about May 6, 2016, Mr. Rivera obtained proof from State of Connecticut's Department of Emergency Services and Public Protection Division of State Police in Middletown, Connecticut, which demonstrated that Mr. Rivera had no criminal history.

30.     After being unable to reach a resolution by communicating on several occasions with Home Depot's Dispute Resolution Hotline, Mr. Rivera returned to Home Depot store number 6233 in Middletown, Connecticut, with proof that he did not have a criminal record. During this visit, Mr. Rivera was told by manager Mike B. to return to the Home Depot store number 6233 in Middletown, Connecticut, the following Saturday to meet with manager Ivy.

31.     That following Saturday, Mr. Rivera returned to Home Depot store number 6233 in Middletown, Connecticut, to provide proof that he did not have a criminal history to manager Ivy. During this visit, manager Ivy communicated to Mr. Rivera that she was sorry that she didn't return any of his phone calls, but that she could not help him.

32.    In reality, by April 29, 2016, Home Depot had removed Plaintiff from hiring consideration based upon the First Advantage consumer report, which adjudicated Mr. Rivera as being "ineligible" for employment with Home Depot.

33.    Home Depot adopted First Advantage's "scoring" or "adjudication" as its own without any further process being provided to Mr. Rivera and took adverse action against Plaintiff based upon that adjudication on April 29, 2016 per its usual practice.

34.    Defendant drives this adjudication by providing criteria to First Advantage as to what aspects of an applicant's background or criminal history would make that person ineligible for employment at Hope Depot.

35.    Like other employers, Defendant finds adjudication by a consumer reporting agency to be a simple and uniform process by which to determine in an automated way which applicants are not to be hired, and its adjudications are typically the final word on whether the applicant will get the job that he or she applied for.

36.    Thus, by the time the April 29, 2016 letter was received by Mr. Rivera, he was already removed from the hiring pool and denied the job at the Home Depot store based upon the consumer report that Home Depot had obtained from First Advantage.

37.    The negative adjudication occurred prior to Plaintiff being notified in writing of that fact and prior to Plaintiff being provided with a copy of the report or any meaningful opportunity to dispute it. In doing so, Defendant failed to comply with the FCRA's pre-adverse action notification requirements.

38.    Although Home Depot says that it will give "ineligible" applicants an opportunity to dispute inaccurate information on their background reports, Plaintiff's case demonstrates that such promises are hollow.

39. Even when Plaintiff was able to show that the information on his background report was inaccurate, the "ineligible" adverse determination had shut him out of a job with Home Depot and the adverse action would not be reversed.

40. As a direct result of Defendant's unlawful adoption and use of the First Advantage consumer report and First Advantage's adjudication of Mr. Rivera's employment application, Mr. Rivera in fact lost the job at Home Depot.

41. Mr. Rivera further disputed the inaccurate criminal information in his background report in or about May 2016. Mr. Rivera followed First Advantage's dispute procedures and the background report was eventually corrected on May 19, 2016 to remove the false criminal history.

42. On or about May 23, 2016, First Advantage forwarded a revised corrected copy of Mr. Rivera's background report to Home Depot, this time adjudicating Mr. Rivera as "eligible" for hire.

43. Nevertheless, despite several follow-up phone calls made to Home Depot's Dispute Resolution Hotline and two in-person visits to Home Depot's store number 6233 in Middletown, Connecticut, where Mr. Rivera had been given a conditional offer of employment, Mr. Rivera was not able to resuscitate the job opportunity that he had already lost due to the adjudication and Home Depot never reversed its adverse action that it had already taken against Plaintiff.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

    a. All applicants for employment with Home Depot or any subsidiary thereof residing in the United States (including all Territories and other political subdivisions of the United States) who were the subject of a consumer report that was used by Home

Depot and/or its subsidiaries to take an adverse employment action regarding such applicant for employment, within five years prior to the filing of this action and extending through the resolution of this case, and for whom Home Depot and/or its subsidiaries failed to provide the applicant a copy of his or her consumer report or a copy of the FCRA summary of rights at least five business days before taking the adverse employment action.

b. All applicants for employment with Home Depot or any subsidiary thereof residing in Connecticut who were the subject of a consumer report that was used by Home Depot and/or its subsidiaries to take an adverse employment action regarding such applicant for employment, within five years prior to the filing of this action and extending through the resolution of this case, and for whom Home Depot and/or its subsidiaries failed to provide the applicant a copy of the FCRA summary of rights at least five business days before taking the adverse employment action.

c. All applicants for employment with Home Depot or any subsidiary thereof residing in the United States (including all Territories or other political subdivisions of the United States) who were the subject of a consumer report that was used by Home Depot and/or its subsidiaries for employment purposes, within five years prior to the filing of this action and extending through the resolution of this case, and to whom Home Depot sent or caused to be sent a letter substantially similar in form to the April 29, 2016 letter sent to Plaintiff after his background report found him "ineligible" for hire at Home Depot.

d. All applicants for employment with Home Depot or any subsidiary thereof residing in Connecticut who were the subject of a consumer report that was used by Home Depot and/or its subsidiaries for employment purposes, within five years prior to the filing of this action and extending through the resolution of this case, and to whom Home Depot sent or caused to be sent a letter substantially similar in form to the April 29, 2016 letter sent to Plaintiff after his background report found him "ineligible" for hire at Home Depot.

45.    Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

46.    **Numerosity. FED. R. CIV. P. 23(A)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief Defendant procures and uses hundreds if not thousands of consumer reports for employment each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

47.    **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(A)(2).** Common questions of law and fact exist to as to all members of the Classes and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

a.    Whether Defendant failed to provide each applicant for employment a copy of their consumer report at least five business days before Defendant actually took adverse action based upon the consumer report;

b.    Whether Defendant failed to provide each applicant for employment a copy of their written notice of FCRA rights at least five business days before Defendant actually took adverse action based upon the consumer report;

c.    Whether Defendant acted willfully or negligently in disregard of the rights of employment applicants in its failure to permit its employees and automated systems to send employment applicants their full consumer report and a written statement of their FCRA rights at least five business days before actually taking adverse action based on the consumer report.

48.    **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

49.    **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes. His interests are aligned with and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Classes.

50. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I

### 15 U.S.C. § 1681b(b)(3)

51. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

52. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

53. The First Advantage report ordered by Home Depot is a "consumer report" within the meaning of 15 U.S.C. § 1681a(d).

54. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report *and* a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking any such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

55. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

56. Defendant Home Depot is a "person" and regularly uses background reports for employment purposes. 15 U.S.C. § 1681a(b).

57. The FCRA requires Home Depot, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

58. Defendant willfully and negligently violated § 1681b(b)(3) of the FCRA by failing to provide Plaintiff and the members of the Classes the following before using such reports: (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and (c) a written description of the consumer's rights under the FCRA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

a. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b.  An award of actual, statutory and punitive damages for Plaintiff and the Classes;

c.  An award of pre-judgment and post-judgment interest as provided by law;

d.  An award of attorney's fees and costs; and

e.  Such other relief as the Court deems just and proper.

### TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

RESPECTFULLY SUBMITTED AND DATED this 29 day of June, 2017.

THE PLAINTIFF

BY /s/ Joanne S. Faulkner_

Joanne S. Faulkner ct04137
faulknerlawoffice@snet.net
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

James A. Francis*
E: jfrancis@consumerlawfirm.com
John Soumilas*
E: jsoumilas@consumerlawfirm.com
FRANCIS & MAILMAN, P.C.
Land Title Building, Suite 1902
100 South Broad Street,
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
*Pro hac vice applications forthcoming

*Attorneys for Plaintiffs*

14